MATTER OF SHON NING LEE

In Deportation Proceedings

A-19856815

Decided by Board August 26, 1975

(1) Although respondent, an applicant for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, as a nonpreference immigrant, contends that she does not require a labor certification because she will be supported by her husband who is a navigator for a foreign airline, she has testified that she desires to work; therefore, she is subject to the labor certification requirement of section 212-(a)(14) of the Act, as amended.

(2) Respondent, who has not made an investment in any enterprise nor committed herself to such an investment, but has merely been examining various business possibilities and does not appear likely to commit any funds to an investment unless she receives permanent resident status, is not "actively in the process of investing" within the meaning of that phrase as used in 8 CFR 212.8(b)(4) and, hence, is ineligible for an exemption from the labor certification requirement as an investor (Matter of Lui, 15 I. & N. Dec. 206.

(3) There was no lack of due process for failure of the immigration judge to take cognizance of Service action in analogous cases on an unsettled question of law, namely, qualification under 8 CFR 212.8(b)(4) for exemption from the labor certification requirement as an investor even though there was no intent to commit any funds to an enterprise until after permanent resident status had been acquired. At the time of the immigration judge's decision, there was no substantial body of precedent interpreting the phrase "actively in the process of investing" of 8 CFR 212.8(b)(4), and the immigration judge was free to reach his own reasoned conclusions regarding its meaning.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—
—remained longer

ON BEHALF OF RESPONDENT:
Jack Wasserman, Esquire
1707-H Street, N. W.
Washington, D.C. 20006

Attorney of record:
Elmer E. Poston, Esquire
770 Kapiolani Boulevard
Honolulu, Hawaii 96813

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

In a decision dated March 7, 1974, the immigration judge found the

respondent deportable, denied her application for adjustment of status under section 245 of the Immigration and Nationality Act, but granted her the privilege of voluntary departure. The respondent, who challenges the denial of adjustment of status, has appealed from that decision. The appeal will be dismissed.

The respondent is a native of Taiwan and a citizen of the Republic of China. She entered the United States in July of 1971 as a visitor, and thereafter had her nonimmigrant status changed to that of a student. She has remained beyond the authorized length of her stay as a student, and concedes deportability. The only significant issues in the case concern her application for adjustment of status.

The respondent seeks section 245 relief as a nonpreference immigrant. The immigration judge found that she was not statutorily eligible for adjustment of status, because she failed to satisfy the labor certification requirements of section 212(a)(14) of the Act. We agree with the immigration judge.

The respondent has presented alternative arguments with respect to her admissibility under section 212(a)(14). She initially contends that she does not need a labor certification because she will be supported by her husband who is a navigator for a foreign airline. The respondent, however, has testified that she desires to work (Tr. p. 14). The terms of section 212(a)(14) therefore apply to her. See *Matter of Hoeft,* 12 I. & N. Dec. 182 (BIA 1966 & 1967).

The respondent secondly argues that she qualifies for the "investor" exemption from labor certification contained in 8 CFR 212.8(b)(4). The respondent, however, has not made an investment in any enterprise, nor has she committed herself to such an investment. Instead, she has merely been examining various business possibilities, and she does not appear likely to commit any funds to an investment unless she receives status as a lawful permanent resident. She is not "actively in the process of investing," as that phrase is used in 8 CFR 212.8(b)(4). *Matter of Lui,* 15 I. & N. Dec. 206 (BIA 1975). The respondent does not qualify for the "investor" exemption from labor certification.

The respondent also advances several due process claims on appeal. She contends that the hearing was not recorded in accordance with 8 CFR 242.15. The typed transcript contains numerous omissions, evidently resulting from portions of the recording belt being inaudible. The respondent, however, has not alleged or shown any prejudice as a result of these omissions.

The respondent additionally contends that the immigration judge erred in refusing to grant the respondent's motion to make available certain allegedly relevant Service records. The respondent desired to have the immigration judge take consideration of the Service's disposition of 24 "investor" cases, arguably similar to the respondent's case.

The respondent claims that the Service had found these other aliens to be qualified under 8 CFR 212.8(b)(4) even though they did not intend to commit any funds to an enterprise until after they had received lawful permanent resident status.

Although it would not have been improper for the immigration judge to take cognizance of Service action in analogous cases, the respondent has not been denied due process. Prior to our decision in *Matter of Lui*, supra, the "actively in process of investing" language of 8 CFR 212-.8(b)(4) had not received much attention from us. There was no substantial body of precedent interpreting this phrase, and the immigration judge was free to reach his own reasoned conclusions regarding its meaning. The law was in a state of flux.

Subsequent to the immigration judge's decision in this case, *Matter of Lui*, supra, resolved some of the questions posed by the phrase "actively in the process of investing." That decision governs this case and all similar cases. 8 CFR 3.1(g). From the administrative standpoint, the law on this question is now settled and will be applied uniformly. The immigration judge did not act arbitrarily in refusing to follow blindly the Service's alleged approach on an unsettled question of law. Cf. *Matter of Park*, 14 I. & N. Dec. 734 (BIA 1974).

The decision of the immigration judge was correct. The appeal will be dismissed.

ORDER: The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 31 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.